COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


ROBERT CHARLES HOLDEN
                                        OPINION BY
v.     Record No. 2614-98-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      NOVEMBER 16, 1999
JENA TAETZ HOLDEN


               FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                     Diane McQ. Strickland, Judge

          Charles B. Phillips (Phillips & Swanson, on
          brief), for appellant.

          Frank K. Friedman (John P. Grove; Woods,
          Rogers & Hazlegrove, P.L.C., on brief), for
          appellee.


     In this domestic appeal, Robert Charles Holden (husband)

contends the trial court erroneously classified a parcel of real

estate purchased during the marriage.  Husband argues that the

property was "hybrid property" from which he was entitled to

receive $17,000 as his separate property before the net value

was divided between the parties.[1]  For the following reasons, we

reverse the trial court's order and remand for the entry of an

order consistent with this opinion.

---

[1] Husband also appealed the trial court's award of spousal
support.  However, he withdrew that assignment of error and
spousal support is no longer a subject of this appeal.

I.

We view the evidence in the light most favorable to wife, the prevailing party below. See Barker v. Barker, 27 Va. App. 519, 528, 500 S.E.2d 240, 244 (1998); Cook v. Cook, 18 Va. App. 726, 731, 446 S.E.2d 894, 896 (1994). So viewed, the evidence established that during the marriage the parties agreed to purchase a parcel of real estate in Bedford County. Husband sold approximately 300 comic books for $17,000 in order to raise funds necessary for the purchase of this property. Husband testified that these comic books were his separate property acquired prior to the marriage. Additionally, he presented copies of two checks payable to him for the comic books, as well as the bank records of the parties' joint checking account showing $9,000 deposited February 4, 1992, and $8,000 deposited February 14, 1992.

On April 13, 1992, the parties withdrew approximately $21,114 from this joint checking account to buy the Bedford County property. Both parties testified that they refinanced the marital residence to provide additional funds for the purchase of the Bedford property and it is uncontested that at least $13,000 in marital funds were used to fund the $30,000 purchase.[2]

_____

[2] Husband also presented evidence that he sold a 1985 truck for $4,000 or $5,000, which was applied to the purchase price of the real estate. In this appeal, however, husband does not claim a separate interest in that amount.

-

The trial court found that husband's contribution from the sale of comic books acquired prior to marriage was transmuted into marital property. The trial court stated:

> While there has been a showing that $17,000 was derived from the sale of comic books that may have been acquired by [husband] prior to the marriage, the Court finds that under 20.107.3(d) (sic) that that property has been commingled by contributing it into the category of marital property both by depositing it in an account with joint marital funds, but then commingling it with other funds that were derived from other sources and ultimately the property which was jointly titled.

Accordingly, the trial court concluded that husband had not met his burden to retrace the $17,000 as his separate property.

## II.

A decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it. See McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

At the time of the equitable distribution hearing, the parties jointly owned a parcel of real estate with an agreed

-

value of $30,000.  Husband claimed $17,000 of that $30,000 as his separate, retraceable property.

Pursuant to the provisions of Code § 20-107.3(A)(3), property may be classified as part marital and part separate. Under subsection (e), "when marital property and separate property are commingled into newly acquired property resulting in the loss of identity of the contributing properties, the commingled property shall be deemed transmuted to marital property," unless the contributed property is retraceable and not a gift.  Code § 20-107.3(A)(3)(e).  We have explained the requirements of tracing under that section:

> In order to trace the separate portion of hybrid property, a party must prove that the claimed separate portion is identifiably derived from a separate asset.  This process involves two steps:  a party must (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset.

Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997) (citing Code §§ 20-107.3(A)(3)(d)-(f)).  "[T]he party claiming a separate interest in transmuted property bears the burden of proving retraceability."  Von Raab v. Von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997).

Here, it is uncontroverted that husband deposited $17,000 of the proceeds from the sale of his separate property, the

-

comic books, in the parties' joint checking account.[3]  He concedes that these proceeds were "commingled" with marital funds; the $17,000 was deposited into the joint account two months before the funds were paid out for the land purchase. Husband argues that consistent with the rule in Rahbaran, he sufficiently established "the identity of a portion of hybrid property" (i.e., $17,000 from the sale of his comic books) and "directly trace[d] that portion to a separate asset."  Rahbaran, 26 Va. App. at 207, 494 S.E.2d at 141.  We agree and hold that husband adequately retraced his contribution of discrete, identifiable funds that were in the account and which were used to purchase the Bedford County property.

We have previously held that where separate property is used for a down payment on property that becomes marital property, the trial court does not abuse its discretion in making an award that restores the down payment to the contributing spouse.  See, e.g., Rowe v. Rowe, 24 Va. App. 123, 136, 480 S.E.2d 760, 766 (1997) (holding that husband's evidence that he had invested $82,000 into a new home was sufficient to

---

[3] We note that wife never contested husband's claim that the comic books sold for $17,000 were his separate property.  In addition to husband's testimony that the comic books were acquired prior to the parties' marriage, James Payette, the dealer who purchased the collectibles, testified that they were published in the 1940s and 1950s, which corroborated husband's position that the books were separate property.  Therefore, the only question before us is whether husband carried his burden of retraceability under Code § 20-107.3(A)(3).

-

retrace the property claimed as separate by husband); Pommerenke v. Pommerenke, 7 Va. App. 241, 247-50, 372 S.E.2d 630, 634 (1988) (holding that under the prior Code § 20-107.3(A)(3) the "court does not abuse its discretion by making an award that restores the down payment to the contributing spouse, if the court finds that equity dictates such a result").

Additionally, husband was not required to have segregated the $17,000 from all other marital funds in order to claim a separate interest in that amount. See Rahbaran, 26 Va. App. at 207, 494 S.E.2d at 141 ("[T]racing of the separate portion of hybrid property does not require the segregation of the separate portion."). Because husband commingled separate funds and marital funds in a jointly-owned bank account, which was then used for the purchase of marital property, he was only required to trace those separate funds to the account and to prove that those discrete funds could be identified as being in the account. See id. at 209, 494 S.E.2d at 141-42 ("[S]eparate property does not become untraceable merely because it is mixed with marital property in the same asset. As long as the respective marital and separate contribution to the new asset can be identified, the court can compute the ratio and trace both interests.") (emphasis added) (citing Brett R. Turner, Equitable Distribution of Property 266 n.591 (1994)).

The trial court's conclusion that husband failed to retrace $17,000 in separate property commingled with other marital funds

-

is not supported by the evidence.  To the contrary, the record

established that $17,000 was an identifiable portion of the

value of the hybrid Bedford County property and husband directly

traced that portion to a separate asset (i.e., proceeds derived

from the sale of the comic books).  Husband introduced into

evidence copies of two checks payable to him for the comic

books, as well as the bank records of the parties' joint

checking account showing $9,000 and $8,000 deposited on

February 4, 1992, and February 14, 1992, respectively.  While

other deposits and withdrawals occurred within this time period,

it is uncontested that the $17,000 deposited to the account from

husband's separate property was to be part of the down payment

on the Bedford property.  Absent the $17,000 deposited into the

joint account by husband, the parties would have had

insufficient funds to make the withdrawal of $21,114 on

April 13, 1992 for the purchase price of the land.  We conclude

that the $17,000 contributed to acquire the Bedford property was

directly traced to the sale of husband's separate property, the

comic books, and should have been allocated to husband.[4]

---

[4] Wife argues for the first time on appeal that husband's
contribution of $17,000 to the down payment of the Bedford
property constituted a gift, which would result in the loss of
identity of the separate property under Code
§§ 20-107.2(A)(3)(d)-(e).  However, no evidence was presented
that husband's contribution was intended as a gift and the trial
court never addressed this issue.

-

Accordingly, we reverse the equitable distribution award and remand for an order consistent with this opinion.

<u>Reversed and remanded.</u>