COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


JOHN R. MILLER, JR.

                                        MEMORANDUM OPINION*
v.    Record No. 1465-01-1                  PER CURIAM
                                         DECEMBER 11, 2001
ANN MAJEWSKI MILLER


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      Samuel B. Goodwyn, Judge

            (Robert G. Byrum; Shames & Byrum, P.C., on
            brief), for appellant.

            (Gregory S. Larsen; William W. Harty; Roy,
            Larsen, Romm & Lascara, P.C., on brief),
            for appellee.


     John R. Miller, Jr. (husband) appeals the decision of the

circuit court awarding him a no-fault divorce from Ann Majewski

Miller (wife) pursuant to Code § 20-91(9)(a).  On appeal, husband

contends the trial court erred in (1) awarding wife a share of his

pension benefits and (2) awarding wife spousal support.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250,
391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties were married on September 23, 1989.  On February
11, 1999, husband filed a bill of complaint seeking a divorce.
The court, on July 19, 1999, entered a pendente lite order
granting physical custody of the parties' minor child to wife and
ordering husband to pay $500 per month in child support.  Both
parties filed exceptions to the commissioner in chancery's
December 21, 2000 report.  The trial court granted husband's
request for a divorce on the ground that the parties lived
separate and apart for over one year, pursuant to Code
§ 20-91(9)(a).  On May 23, 2001, the court entered a final decree
of divorce.  The court ordered husband to pay wife $500 per month
spousal support for one year, pursuant to Code § 20-107.1(C).  The
court also confirmed and approved the commissioner's report which
included an equitable distribution award to wife of a portion of
husband's pension benefits.

## Analysis

### I.

"A decision regarding equitable distribution rests within
the sound discretion of the trial court and will not be
disturbed unless it is plainly wrong or without evidence to
support it."  Holden v. Holden, 31 Va. App. 24, 26-27, 520
S.E.2d 842, 844 (1999).  "Unless it appears from the record that

-

the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989). The parties agreed to the distribution of husband's pension program under the Virginia Retirement System, as noted in the commissioner's report and the final decree of divorce. The trial court did not abuse its discretion in ratifying the parties' express agreement to divide husband's pension.

Evidence that wife took over $21,000 worth of personal property from the marital home was not admitted during the commissioner's hearing. On appeal, husband does not challenge the commissioner's ruling that the evidence was inadmissible. Because the evidence was not admitted, the commissioner and trial court correctly refused to consider it in the equitable distribution award.

## II.

"A spousal support award is subject to the trial court's discretion and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Howell v. Howell, 31 Va. App. 332, 351, 523 S.E.2d 514, 524 (2000). "If the court determines that an award [of spousal support] should be made, the court is required to consider all the factors outlined in Code § 20-107.1." Barker v. Barker, 27 Va. App. 519, 527-28, 500 S.E.2d 240, 244 (1998). The commissioner considered the Code § 20-107.1 factors and determined wife was in need of

-

financial support and that husband has the ability to meet the need. At the time of the hearing, wife earned $500 per month and husband earned $3,000 monthly. The commissioner specifically noted wife was in need of support in order to secure the education and training necessary to enhance and improve her earning ability. The trial court accepted the commissioner's findings and awarded wife the sum of $500 per month. Based on all the evidence and appropriate factors, we conclude that the record supports the spousal support award of $500 per month for the period of one year.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.