COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


STEVEN LEE JORDAN

v.      Record No. 2583-03-2

GEMMA C.S. JORDAN                                MEMORANDUM OPINION[*] BY
                                                  JUDGE JERE M.H. WILLIS, JR.
                                                       JUNE 22, 2004
GEMMA C.S. JORDAN

v.      Record No. 2616-03-2

STEVEN LEE JORDAN


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                      William H. Ledbetter, Jr., Judge

            Joseph A. Vance, IV (Vance & Associates, on briefs), for Steven Lee
            Jordan.

            Timothy W. Barbrow (Law Office of Timothy Barbrow, on briefs),
            for Gemma C.S. Jordan.


       The parties appeal from decrees entered by the trial court in connection with their divorce.

Steven Lee Jordan (husband) contends that the "trial court's methods of calculating the marital

share of [his] military retirement does not fit the definition of marital share under the statute in that

it awards [his wife] a portion of the retirement benefits earned by [him] before the marriage."

       Gemma Jordan (wife) contends that the trial court erred (1) in denying her request for

survivor's benefits, (2) in computing daycare expenses used to determine child support, (3) in

denying her "request for qualifying language for the Federal Employees Retirement System

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

pension," (4) in denying her request for language designed to protect her interest in husband's army reserve pay, (5) in dividing a thrift plan, and (6) in awarding husband a tax exemption for one of the children.

We affirm the judgment of the trial court.

## I. PROCEDURAL BACKGROUND

"On appeal, we review the evidence in the light most favorable to the prevailing party below . . . . Where the record contains credible evidence in support of the findings made by [the trial] court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992) (citation omitted).

Husband and wife were married on September 23, 1989. They have two minor children: Kimberly and Matthew. The parties separated on May 19, 2001. On wife's motion, the trial court referred the matter to a commissioner in chancery, who notified the parties that he would receive testimony and evidence on July 26, 2002. He instructed them to bring "such witnesses and demonstrative evidence so as to enable" him to comply with the decree of reference.

On July 26, 2002, the parties presented evidence and arguments to the commissioner. The commissioner allowed the parties to submit post-hearing memoranda by August 15, 2002. The commissioner filed his report on October 31, 2002. Husband filed his exceptions to the report on November 7, 2002, and wife filed hers on November 12, 2002.

The trial court "reviewed the record of this case, including the transcript and exhibits" from the commissioner's hearing, "the memoranda submitted by counsel, and . . . the commissioner's 22-page report." By opinion letter dated and entered March 6, 2003, the trial court identified and classified the parties' property and found "that the commissioner's

- 2 -

recommended distribution is fair and appropriate under all the circumstances, taking into account the statutory factors." Specifically, the trial court held that husband's "retirement benefits will be distributed as they are received pursuant to [Code] § 20-107.3(G), according to the computation set forth on page 17 of the [commissioner's] report. In essence, the commissioner recommends that [wife] receive 50% of the marital share of such benefits, with no survivor's benefits."

The parties submitted motions to reconsider and accompanying memoranda. By letter dated May 1, 2003, the trial court denied the motions. It found:

> Use of "point time" to calculate retirement benefits can be an appropriate method at arriving at a fair decision for division of certain types of military retirement benefits under Virginia Code § 20-107.3. However, upon reflection the standard use of "years" to determine marital share is also proper, and brings about a result that is just and equitable in this case.

The trial court further stated that the denial of survivor's benefits "as a component of [wife's] marital share of [husband's] retirement funds does not prejudice Mrs. Jordan. The court is of the opinion that no survivor's benefits should be awarded in this case."

On July 14, 2003, the trial court entered a decree granting husband a divorce, establishing spousal and child support, and distributing the marital property. However, on August 4, 2003, the trial court vacated the July 14, 2003 decree "to allow counsel to devise appropriate language for implementation of this court's rulings under Virginia Code § 20-107.3(G)." It then "reinstate[d] the divorce," reiterating the grounds of divorce and the terms of spousal and child support. In addition, it awarded husband "the income tax dependency exemption" for the son, awarded wife "the income tax dependency exemption" for the daughter, and ordered the parties to execute all appropriate documents and documents "necessary to effectuate" its order.

On September 8, 2003, the trial court entered a final decree distributing the parties' property and ordering the parties "to execute all necessary deeds or other documents necessary to effectuate the transfer or sale of all property required or allowed . . . under this decree." The decree included language pursuant to the Uniformed Services Former Spouses' Protection Act and Code § 20-107.3 regarding wife's rights as an alternate payee. Finally, the decree "reserved" the "jurisdiction of this Court to enter further orders to effectuate the division of the military pension, the federal Employees Retirement System pension and the Thrift Savings Plan."

## II. RECORD NO. 2583-03-2: HUSBAND'S APPEAL – MILITARY PENSION

### Background Facts

Husband asked the commissioner and the trial court to determine the marital share of his military pension by using a point system, whereby active duty service accrues more points than reserve duty. He testified that he retired from active duty early in 1991, receiving a lump sum payment of $73,383.97. He then joined the reserves. He explained, "if you went into the reserves and achieved at least twenty years towards retirement, you would have to pay that portion back out of your reserve retirement benefits." He explained that the reserves have two types of programs: (1) For "drilling reservist where you go one weekend a month and two weeks a year and you get paid for that"; and (2) IMA type position where you just go in and you drill for points only, which gives you a little more money at retirement age sixty but you don't receive anything at the present time." Husband was in the latter program during the times relevant to these proceedings.

During the parties' twelve-year marriage, husband was on active duty for two and one-half years and in the reserves for the remainder. He must repay the $73,383.97 early retirement payment before receiving retirement benefits. He estimated it would take between

four and eight years to repay the early retirement award and begin receiving his retirement benefits. At the July 26, 2002 commissioner's hearing, husband offered, and the commissioner admitted, Plaintiff's Exhibit 15, a document husband "put together that basically indicated roughly how many retirement points [he] thought [he] had at the time." The exhibit reflected points accumulated before marriage, points accumulated during the marriage and points accumulated after separation. However, the exhibit set forth mere estimates for the periods January 27, 2000 through January 26, 2001, January 27, 2001 through May 19, 2001 and May 20, 2001 through January 16, 2002. Husband argued that because active service generated a higher rate of point accumulation than did reserve service, the marital share of his pension should be determined by comparing points accumulated during the married portion of his career with total points accumulated. He argued that a calculation based on comparing married time in service with total time in service "awarded [wife] more than is contemplated under Virginia Code § 20-107.3(G)(1)."

## Discussion

"A decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it." Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999) (citing McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Id. at 27, 520 S.E.2d at 844.

In making an equitable distribution award, "the [trial] court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Gottlieb v. Gottlieb, 19 Va. App. 77, 93, 448 S.E.2d 666, 676 (1994). "[U]pon consideration of the factors

set forth in subsection E" of Code § 20-107.3, "[t]he court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time." The marital share is "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties . . . ." Code § 20-107.3(G). In Mosley v. Mosley, 19 Va. App. 192, 198, 450 S.E.2d 161, 165 (1994), we held that this mandatory provision "can be implemented through the use of a simple formula." Under that formula, "[t]he number of years that the spouse was in the pension plan while in the marriage serves as the numerator and the total number of years in the pension plan serves as the denominator. This fraction establishes the marital share of the pension as defined by the statute." Id.

In its March 6, 2003 opinion letter, the trial court found that the commissioner "properly considered the statutory factors enumerated in Code § 20-107.3(E)." Reviewing the evidence and arguments of counsel, it held "that the commissioner's recommended distribution is fair and appropriate under all the circumstances, taking into account the statutory factors." It approved and affirmed the commissioner's recommendation concerning husband's retirement benefits. It noted that, although wife "will share in the increased benefits resulting from adding his military service to his civil service, . . . she will also share in the reduction of his retirement payments necessary to reinstate the credit for military service."

In its May 1, 2003 opinion letter, the trial court rejected the "point time" method to calculating retirement and adopted the Mosley approach. We find no abuse of discretion in this holding.

Whereas the "points" method may be proper under appropriate circumstances, husband failed to present an up-to-date, accurate computation of marital and non-marital points. Furthermore, husband's career periods, both marital and non-marital, are interrelated, influencing both the fraction of retirement benefits to be considered marital and the level of pay to which that fraction applies. Thus, the record supports the trial court's decision.

### III.  RECORD NO. 2616-03-3:  WIFE'S ARGUMENTS

### 1.  Survivor's Benefits

Wife contends the trial court erred in failing to award her "survivor's benefits in regard to the Husband's retirement plans."

Wife appeared at the July 26, 2002 commissioner's hearing without an attorney. The commissioner asked whether she was asking for a share of husband's military retirement. She replied:

> Yes.  I believe I deserve to get – if I could remember, there was a
> SBP survivor's plan and they have the SGLI plan.  Since I don't
> have an attorney, I really don't know what to ask.

Wife offered no evidence, nor did she question husband at the hearing, regarding what, if any, survivor benefit plan(s) were available through the military and what can and must be done to effectuate such a plan or plans. Wife indicated she preserved this issue on page 233 of the Joint Appendix, the final page of the final decree. Her written objection on the subject consisted of the following:  "Failure to award survivor's benefits."

In its May 1, 2003 opinion letter, the trial court addressed wife's motion to reconsider this issue. In denying the motion, the trial court held "that no survivor's benefits should be awarded in this case."

"[T]he [trial] court *may* order a party to designate a spouse or a former spouse as irrevocable beneficiary . . . of all or a portion of any survivor benefit or annuity plan of whatsoever nature." Code § 20-107.3(G)(2) (emphasis added). Also, "[t]he court, in its discretion, shall determine as between the parties, who shall bear the costs of maintaining such plan." Id. Wife failed to specify or present evidence about the details of husband's plan(s), the availability of survivorship rights, and the requirements for effectuating any such rights. This record and the facts of this case disclose no abuse of discretion in the trial court's refusal to award wife survivor's benefits.

## 2. Daycare Expenses

Wife contends the trial court erred "in the computation of daycare expenses used to determine child support."

The trial court initially entered a decree on July 14, 2003, granting husband a divorce and resolving all issues regarding property distribution and child and spousal support. However, on July 29, 2003, wife filed a motion to reconsider, attaching a "guideline worksheet accurately reflect[ing] the Commissioner and Court's findings." She also argued that the decree of divorce "in its current state will not allow [wife] to receive any federal employment retirement system benefits" because it failed to include certain qualifying language.

By order entered August 4, 2003, the trial court vacated the July 14, 2003 "final decree of divorce . . . pursuant to Rule 1:1 to allow time for counsel to devise appropriate language for implementation of [the trial] court's rulings under Virginia Code § 20-107.3(G)." In that same order, the trial court "reinstate[d] the divorce as follows:" (1) it awarded husband a divorce on the ground of living separate and apart, (2) it awarded spousal support, (3) it awarded child support, (4) it allowed husband a tax dependency exemption for the son, and (5) it allowed wife a

tax dependency exemption for the daughter. It then continued the matter "under [Code] § 20-107.3(A) . . . finding this bifurcation to be clearly necessary."

By decree entered September 8, 2003, the trial court distributed the parties' property, including the marital residence, husband's thrift savings plan and his retirement plans. It "reserved" jurisdiction "to enter further orders to effectuate the division of the military pension, the Federal Employees Retirement System pension and the Thrift Savings Plan."

On October 8, 2003, wife filed in the trial court her Notice of Appeal, appealing to this Court "from an Order entered by [the trial court] on September 8, 2003."

Code § 8.01-675.3 requires a notice of appeal to be filed "within thirty days from the date of any final judgment order, decree or conviction." Rule 5A:6 also provides that "[n]o appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal." Rule 5A:6(a).

Except for its stated reservation, the August 4, 2003 order was final. It contemplated no further review and left "nothing to be done in the cause save to superintend *ministerially* the execution of the [order]." Richardson v. Gardner, 128 Va. 676, 683, 105 S.E. 225, 227 (1920); see also Travis v. Finley, 36 Va. App. 189, 196, 548 S.E.2d 906, 909 (2001) (holding that an order resolving the issue of custody but leaving for subsequent adjudication the issues of "contempt, visitation, child support, health insurance, attorney's fees and sanctions against mother" was final and appealable as to the determination of custody). Because wife failed to note an appeal within thirty days of entry of the August 4, 2003 order, we lack jurisdiction to consider her appeal on the matters decided therein. Accordingly, we dismiss the instant appeal on this issue. See Rule 5A:6.

3.  Qualifying Language for FERS and
4.  Language to Protect Interest in Husband's Reserve Pay

Wife contends "the final decree entered on September 8, 2003, which deals with the Husband's retirement benefits from the Federal Employee Retirement System [FERS] does not contain the necessary qualifying language required by federal law."  She also contends the trial court erred in denying "her request to protect [her] interest in the Husband's army reserve pay."

In the September 8, 2003 final decree distributing the parties' property, the trial court included detailed language "pursuant to the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. Section 1408 ("USFSPA"), and Virginia Code Section 20-107.3, 1950, as amended, which relates to marital property," to ensure that "the [wife] ("Alternate payee"), will receive payments from the disposable U.S. Army Reserve retirement pay of the [husband]."  Moreover, the trial court included the following language in the decree:

> AND FURTHER, that the jurisdiction of this Court to enter further orders to effectuate the division of the military pension, the Federal Employees Retirement System pension and the Thrift Savings Plan is hereby reserved.

Wife's fears regarding possible future events are speculative and premature in light of the trial court's reservation of jurisdiction to address those issues.  When and if a problem arises pertaining to the distribution of wife's share of husband's retirement benefits, the trial court can then review and rectify it.  The record discloses no error on these issues.

## 5.  Thrift Plan

Wife contends the trial court erred in dividing the Thrift Savings Plan (TSP) such that husband received a larger share.

> "Fashioning an equitable distribution award lies within the sound discretion of the trial judge[,] and that award will not be set aside unless it is plainly wrong or without evidence to support it."
> "Virginia law does not establish a presumption of equal

> distribution of marital assets." Because the trial court considered the factors set out in Code § 20-107.3(E), and the evidence supports its conclusions, we will not disturb its equitable distribution award merely because it is unequal.

Watts v. Watts, 40 Va. App. 685, 702, 581 S.E.2d 224, 233 (2003) (citations omitted).

After considering the factors in Code § 20-107.3(E), the commissioner recommended that the TSP be divided thirty percent to wife and seventy percent to husband. He based the disparity on the following: (1) husband contributed to and increased the TSP subsequent to the separation of the parties, (2) husband reduced the mortgage principal by making monthly payments, and (3) husband paid interest on the credit card accounts.

After a "review of all the evidence and arguments of counsel," the trial court "[wa]s of the opinion that the commissioner's recommended distribution is fair and appropriate under all the circumstances, taking into account the statutory factors." It then approved and affirmed the commissioner's recommendation and distributed the TSP accordingly in its September 8, 2003 decree.

The record discloses that the trial court considered the appropriate criteria and reflects no abuse of discretion. Accordingly, the trial court did not err.

### 6. Tax Exemption

Wife asserts "the trial court abused its discretion by awarding the Husband one of the dependency tax exemptions."

In its August 4, 2003 order establishing spousal and child support, the trial court, *inter alia*, allowed husband one of the two tax dependency exemptions. Wife failed to file a timely notice of appeal addressing the issues decided in that final order. Therefore, we dismiss the appeal on this issue. See Rule 5A:6; Code § 8.01-675.3.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>