COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and McClanahan
Argued at Alexandria, Virginia


CAROL A. DIELMAN
                                             MEMORANDUM OPINION* BY
v.        Record No. 2520-04-4              JUDGE ELIZABETH A. McCLANAHAN
                                                  JULY 19, 2005
ROBERT S. DIELMAN


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                        William T. Newman, Jr., Judge

            Mary M. Benzinger (Raymond B. Benzinger; Benzinger &
            Benzinger, P.C., on brief), for appellant.

            (Robert S. Dielman, *pro se*, on brief).  Appellee submitting
            on brief.


        Carol A. Dielman (wife) appeals a final decree of divorce from Robert S. Dielman

(husband) with regard to the equitable distribution of the parties' marital home.  She contends

that the trial court erred in entering a decree that is inconsistent with the parties' post-separation

agreement requiring repayment of a loan before the house could be sold.  For the reasons that

follow, we reverse the decision of the trial court and remand for entry of a decree consistent with

this opinion.

                               I. BACKGROUND

        When reviewing a chancellor's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting that party the benefit of any reasonable

inferences.  Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  The

parties married in December 1988, and separated in April 2002.  Husband filed a bill of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

complaint for divorce in April 2002. In November 2003, the parties entered into a handwritten

agreement, which stated in pertinent part:

> I, Carol Dielman, agree to sign on a loan for Robert Dielman at
> Thrift Savings Plan. This loan is for $12,000.00 @ 4% interest for
> a total of 130 payment [sic] @ 120.00 per paycheck. Bob Dielman
> agrees not to sell our home at 3813 S. 16th St., Arl. VA until after
> this loan is paid off in full.

In July 2004, the trial court held an *ore tenus* hearing on the bill of complaint and took

evidence on, *inter alia*, the value of the marital assets for purposes of equitable distribution. The

parties presented the handwritten contract as a post-separation agreement governing the payment

of the loan and the timing of the sale of the marital residence.

According to the joint statement of facts, at the conclusion of the hearing, the trial court

stated it made its findings with respect to the relevant factors set forth in Code § 20-107.3. In its

distribution of the parties' debts and assets the trial court ruled:

> With respect to the marital residence, the Court finds that the
> parties' agreement dated November 23, 2003[,] is a valid
> agreement. The court further finds that the house is marital and the
> parties are each entitled to one-half the net proceeds of the sale.
> The Court finds that because the TSP loan can be repaid at any
> time, it shall be repaid out of the proceeds of the sale of the house
> and the Court directs that the house be sold immediately and the
> proceeds equally divided.
>
> The Court, in exercising its discretion, declined to enforce the
> parties' agreement of November 23, 2003[,] and found that it was
> in the best interest of the parties and their minor children to
> immediately sell the house and pay off the parties' debts.

Wife filed a motion to reconsider the equitable distribution award with respect to the

court's order to immediately sell the marital residence in contravention of the parties' agreement.

In ruling on the motion to reconsider, the trial court stated that, "[t]he parties' agreement was not

a distribution of marital property and the marital agreement statutes do not apply." Wife filed a

second motion to reconsider, resulting in the trial court suspending the sale of the marital residence pending appeal.

## II. ANALYSIS

"A decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it." Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999) (citation omitted). "An abuse of discretion can be found if the trial court uses an 'improper legal standard in exercising its discretionary function.'" Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (quoting Thomas v. Commonwealth, 263 Va. 216, 233, 559 S.E.2d 652, 661 (2002)). "[A] trial court 'by definition abuses its discretion when it makes an error of law.'" Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

In Virginia, marital property agreements entered into by competent parties upon valid consideration for lawful purposes are favored, and will be enforced unless clearly illegal. See Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980). In fact, post-nuptial agreements are specifically authorized by statute under the Premarital Agreement Act. Code § 20-155 states:

> Married persons may enter into agreements with each other for the purpose of settling the rights and obligations of either or both of them, to the same extent, with the same effect, and subject to the same conditions, as provided in §§ 20-147 through 20-154 for agreements between prospective spouses, except that such marital agreements shall become effective immediately upon their execution.

Code § 20-150 allows the parties to contract with respect to, *inter alia*:

> 1. The rights and obligations of each of the parties in any of the property of either or both of them whenever and wherever acquired or located;
>
> 2. The right to buy, sell, use, transfer, exchange, abandon, lease, consume, expend, assign, create a security interest in, mortgage, encumber, dispose of, or otherwise manage and control property;

- 3 -

3. The disposition of property upon separation, marital dissolution, death, or the occurrence or nonoccurrence of any other event;

\* \* \* \* \* \* \*

8. Any other matter, including their personal rights and obligations, not in violation of public policy or a statute imposing a criminal penalty.

The written agreement entered into by the parties governed the obligation of husband to pay the Thrift Savings Plan loan in full as a condition precedent to sale of the marital home. Thus, the parties' agreement clearly falls within the parameters of Code §§ 20-150 and 20-155. Indeed, the trial court found that the parties' agreement is a valid contract.

In spite of finding that the agreement was a valid contract, however, the trial court declined to enforce the contract, and "found that it was in the best interest of the parties and their minor children to immediately sell the house and pay off the parties' debts." Under the parties' agreement, husband agreed not to sell the house until "*after* [the] loan is paid off in full." (Emphasis added.)

Code § 20-109(C) provides:

> In suits for divorce . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

Although the trial court is not required to incorporate a post-separation agreement into a final decree, when it does, its decree must not conflict with the terms of that agreement. Code § 20-107.3(I) provides, "Nothing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties pursuant to §§ 20-109 and 20-109.1." This Court has stated, "to the extent that the parties have already stipulated to a particular disposition of their property, the court may not decree an equitable

- 4 -

distribution award that is inconsistent with that contract." <u>Parra v. Parra</u>, 1 Va. App. 118, 128, 336 S.E.2d 157, 162-63 (1985).

The trial court's order to immediately sell the marital home is inconsistent with the parties' valid agreement.  Although the parties' agreement did not specify how the proceeds from the house should be distributed when sold, it did specify that the house could not be sold until *after* the Thrift Savings Plan loan was paid in full.  Therefore, the trial court was not authorized to order the immediate sale of the home.

The trial court, however, does have authority to order the sale of the house on a date certain consistent with the parties' agreement.  <u>See</u> Code § 20-107.3(K)(1).  And, because the agreement did not contemplate how the proceeds from the sale of the house are to be distributed when it is eventually sold, the court was authorized to state how the property is to be distributed at the time of sale.

### III.  CONCLUSION

The trial court abused its discretion by declining to enforce the terms of a valid post-separation agreement, as required by Code § 20-109.  Accordingly, the decision of the trial court with regard to immediate sale of the marital residence is reversed.  We remand for entry of a decree consistent with this opinion.

<u>Reversed and remanded.</u>