COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


LETHA J. SHANNON

                                        MEMORANDUM OPINION[*] BY

v.      Record No. 0510-07-4       CHIEF JUDGE WALTER S. FELTON, JR.
                                           JANUARY 15, 2008

DENNIS F. SHANNON


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

Sandra A. Glenney (Stock & Glenney, on brief), for appellant.

Walter C. Jacob (Walter C. Jacob, PC, on brief), for appellee.


Letha J. Shannon (wife) and Dennis F. Shannon (husband) each appeal from the trial

court's equitable distribution of their marital estate. Wife contends the trial court erred in

(1) refusing to award her a portion of husband's military pension; (2) refusing to impute income

to husband; (3) refusing to award her current spousal support; and (4) failing to award her

attorney's fees. Husband contends the trial court erred in refusing to award him a portion of

wife's Virginia Retirement System (VRS) pension. For the reasons that follow, we affirm the

judgment of the trial court.

## I. BACKGROUND

Because the parties are conversant with the record below and because this opinion bears

no precedential value, we cite only those facts from the record necessary for the disposition of

this appeal. The parties married in September 1976 and separated in October 2005.[1] The trial

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Three children were born of the marriage, all of whom were emancipated at the time of
these proceedings.

court entered its final decree of divorce in January 2007, granting to wife a divorce under Code § 20-91(9)(a). It incorporated in its final decree its letter opinion of November 29, 2006, in which it set out in detail its equitable distribution of the parties' marital estate and rulings relating to spousal support and attorneys' fees. It ordered an "essentially equal" distribution of the parties' marital property, including an award to wife of fifty percent of the marital share of husband's Civil Service Retirement System (CSRS) pension. It denied an award of current spousal support to wife, but granted to her a reservation of the right to seek spousal support for a period ending fourteen and one-half years from the entry of the final decree of divorce. It also denied an award of attorneys' fees to either party. Wife appealed. Husband appealed the trial court's decision not to grant a portion of wife's VRS pension to him.

## II. ANALYSIS

### A. Husband's Military Pension

On appeal, "[a] decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it." Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the [equitable distribution] statutory mandates, this Court will not reverse on appeal." Id. at 27, 520 S.E.2d at 844 (internal citation omitted). Code § 20-107.3 provides that all pensions that are marital in nature are personal property subject to equitable distribution. Sawyer v. Sawyer, 1 Va. App. 75, 78, 335 S.E.2d 277, 280 (1985). However, "the party claiming to be entitled to a share of [a pension] must present sufficient evidence to enable the judge to determine what percentage of the pension is the marital share or to determine the present value of the marital share." Gamer v. Gamer, 16 Va. App. 335, 343, 429 S.E.2d 618, 624 (1993).

Here, the evidence proved that, prior to the parties' marriage, husband began active duty military service in the United States Navy on September 4, 1968. He left active duty military service on July 31, 1974. At some time in 1976, prior to the parties' marriage later that year, husband joined the National Guard. He retired from the National Guard at some time in 2000, at 52 years of age, prior to the parties' separation. Husband was not eligible to receive any income from the pension until he reached 65 years of age. Although the evidence proved the fact of husband's military service and the existence of a military pension, no evidence was presented to the trial court of its value. That value, according to the evidence presented, must be determined by combining husband's pre-marriage active duty with his pre- and post-marriage National Guard service, using an unidentified point system, which calculates active duty service at a different weight than the National Guard service. No numerical data from which the trial court could calculate the marital share of the pension was presented to the court.

As the party claiming entitlement to a marital share of husband's pension, wife had the burden of producing adequate information from which the trial court could determine what percentage of husband's military pension was marital. Gamer, 16 Va. App. at 343, 429 S.E.2d at 624. The trial court declined to award wife any part of husband's military pension, stating, "[t]here [was] insufficient evidence to determine [its] marital share." At trial, wife conceded there was "no[] . . . evidence before the [c]ourt as to what portion of the military retirement was marital." From this record, we conclude the trial court did not abuse its discretion in declining to award wife any portion of husband's military pension. Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) ("When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question.").

B. Wife's VRS Pension

Likewise, we find no abuse of discretion on the part of the trial court in declining to award husband any part of wife's VRS pension.

The record established that wife began working as a school bus driver in 1997, and retained that employment through the parties' final separation in 2005. She contributed to VRS, a defined benefit plan, during that employment. The only evidence before the trial court concerning the value of wife's VRS account, however, was a VRS "member benefit profile," prepared as of June 20, 2005, prior to the parties' separation.

While the trial court made no specific ruling on the record related to husband's request that he be awarded a share of wife's VRS pension, it was not required to do so. Code § 20-107.3 directed the trial court to consider the marital share of wife's pension. "Although the record is silent regarding consideration of [her pension], there is evidence therein relating" to it. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985). The trial court specifically noted it considered "the factors of Virginia Code § 20-107.3(E), the evidence, and other circumstances" of the case in determining "there should be an essentially equal division of the marital property." Absent a showing in the record to the contrary, "[w]e assume that the trial judge followed the statutory mandate." Id.

We cannot conclude from this record the trial court abused its discretion in declining to award a portion of wife's VRS pension to husband.

C. Spousal Support

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court,'" and we will "'reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (internal citations omitted).

Wife contends the trial court erred by failing to impute income to husband prior to deciding whether to award spousal support, contending husband became voluntarily underemployed when he retired from the Federal Aviation Administration (FAA) in December 2004, ten months prior to the parties' separation, moved to the parties' planned retirement home in Pennsylvania, and began driving a bus part-time.

The trial court, however, found wife agreed to husband's retirement, and "was perfectly willing to head into retirement with [him] even though his income decreased after he retired," when they would "live more cheaply." It found there was no evidence that husband either deceived wife as to his retirement income, or retired in anticipation of divorce.

Wife also contends the trial court abused its discretion in declining to award her current spousal support in sufficient amount to maintain the standard of living she enjoyed prior to husband's retirement in December 2004. In denying wife an award of current spousal support, the trial court noted that, "with the portion of [husband's] federal pension that [she] will be receiving coupled with her own income, she will have more income than [husband]," and in an amount sufficient to meet her expenses.

The record specifically shows the trial court considered the requisite statutory factors in Code § 20-107.1 in determining whether to grant to wife current spousal support. Id. Credible evidence in the record supports its finding that, after its equitable distribution, wife's combined income would be greater than husband's and that her income would be sufficient to meet her reasonable expenses. Moreover, the trial court granted wife a reservation of the right to seek spousal support "in the future ending 14 years and 6 months after entry of the final decree."

Accordingly, we conclude the trial court did not abuse its discretion in denying wife current spousal support.

D.  Attorney's Fees

Whether to award attorney's fees "'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.' 'The key to a proper award of counsel fees is reasonableness under all the circumstances.'" Northcutt, 39 Va. App. at 199-200, 571 S.E.2d at 916 (internal citations omitted).

Wife contends the trial court abused its discretion in refusing to award her attorney's fees, because "[t]he record demonstrated that [husband] [was] in a stronger financial position than [she]," and "much additional work was required of [her] attorney as a result of [his] failure to comply with discovery requests."  The trial court, however, found "[e]ach party ha[d] substantial assets," and "[n]either party unduly increased the other's [attorney's] fees."

Wife also argues "[husband] was the party who precipitated the end of the marriage." However, the trial court specifically found that "no nonmonetary negative contributions" contributed to the dissolution of the marriage, and granted the parties' divorce based upon their one-year continuous separation pursuant to Code § 20-91(9)(a).

Finally, wife contends her attorney's fees were increased because husband threatened her in two letters during the litigation, which she claims created a "fear factor" that "impede[d] . . . efforts to try to resolve this matter."  When the trial court asked wife what actions she took as a result of receiving those letters, she stated the only action she took was to inform her attorney that she had received them.  Wife's attorney's billing records presented to the trial court reflect no specific billing item related to those letters.

The record demonstrates the trial court considered wife's reasons for seeking an award of attorney's fees, and concluded that an award of attorney's fees to wife was not warranted.  The trial court found "[n]either party took any unreasonable actions or asserted any argument or

- 6 -

position in bad faith."  We cannot find, based on this record, that its decision refusing to award wife attorney's fees was an abuse of discretion.

## III.  CONCLUSION

Based on our review of the record presented to us on appeal, we conclude the trial court did not abuse its discretion in declining to award wife a portion of husband's military pension or in declining to award husband any part of wife's VRS pension.  We also conclude the trial court did not err in refusing to grant wife current spousal support, and did not abuse its discretion in declining to award either party attorney's fees.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed</u>.