COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Salem, Virginia


CURTIS NORTON FITZGERALD

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0494-04-3          JUDGE ELIZABETH A. McCLANAHAN
                                                    JULY 19, 2005
EDITH CHRISTINE (HARLESS) FITZGERALD


              FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                         Charles B. Flannagan, II, Judge

           Dennis E. Jones (Dennis E. Jones & Associates, P.C., on brief),
           for appellant.

           Julia McAfee (Carl E. McAfee; McAfee Law Firm, P.C., on brief),
           for appellee.


     Curtis Norton Fitzgerald (husband) appeals from a final decree of divorce from Edith

Christine (Harless) Fitzgerald (wife).  He contends that the trial court erred in:  (1) valuing,

classifying and distributing the parties' property; (2) awarding spousal support to wife; and,

(3) awarding attorney's fees to wife.  For the reasons that follow, we affirm in part, reverse in

part, and remand for proceedings consistent with this opinion.

                                      I.  BACKGROUND

     "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).

        The parties were married in 1950.  They had two sons, Michael and David.  During the

course of the marriage, husband inherited real estate from his father in 1973, and his mother in

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

1983.  During the late 1980s or early 1990s, the parties constructed a mobile home park and rented the lots.  In 1974, husband became disabled and retired.  Wife also worked, until she became disabled and retired in 1991.  After retiring, wife suffered from several ailments including depression, injuries received in a car accident, a heart attack, triple bypass heart surgery, and cancer.  After almost fifty years of a tumultuous, and apparently sometimes violent, marriage, the parties separated in 1999.

In 2000, while separated from wife, husband suffered a heart attack, after which the parties reconciled in 2001.  During his hospitalization, husband executed a power of attorney designating the two sons as his attorneys in fact, authorizing them with the power, among other things, to transfer real estate.  The power of attorney was recorded on January 30, 2001, and a revocation of power of attorney was recorded on July 23, 2002.

In August 2002, wife was diagnosed with cancer and began chemotherapy treatments.  In September 2002, after a violent altercation, the parties again separated.  On September 10, 2002, wife filed a bill of complaint for divorce, asking for equitable distribution of the parties' property.  The trial court entered an order on the same day, among other things, prohibiting husband from disposing of marital property and setting a hearing for October 1, 2002.  On September 26, 2002, the two sons, believing the power of attorney to still be in effect, transferred all of husband's property, including the marital residence, to themselves as joint tenants.  Wife also conveyed her interest in the marital residence to the sons.

At the October *ore tenus* hearing, the trial court entered a protective order enjoining husband from harassing wife and the two sons.  Wife was granted temporary exclusive possession and use of the marital residence and was granted the exclusive right to collect rents from the mobile home park.  The rent money was forwarded to an accountant, who paid husband and wife a fixed sum.

Over the next year or so, the court heard various motions and entered orders in the case. In December 2003, husband, wife and another witness were deposed. On January 5, 2004, the court held a trial on the matter. In the final decree, the trial court listed the various assets at issue, classified them as marital or separate property, and assigned each a monetary value. Husband was awarded possession of all of the land and the mobile home park. Husband was ordered to pay wife a monetary award of $300,000 as her share of the marital property. The decree provided that husband was to pay wife spousal support initially in the amount of $3,000 per month, to be reduced to $2,000 per month after payment of the equitable distribution monetary award. Husband was also ordered to pay wife $7,500 to defray her attorney's fees and costs. Husband appeals from that decree.

## II. ANALYSIS

### A. Equitable Distribution

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge . . . ." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal. Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

In any equitable distribution proceeding, the court must follow three basic steps. First, the court must classify the property as separate, marital, or hybrid (part separate and part marital property). A value must then be assigned to every item or portion deemed marital property, which must be based upon evidence presented by the parties. Finally, the court is to divide the

property between the parties, taking into consideration all the specifically enumerated factors in Code § 20-107.3(E).

Code § 20-107.3 governs the classification of property for purposes of equitable distribution. Separate property includes "all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party." Code § 20-107.3(A)(1)(ii). Marital property includes, "all property titled in the names of both parties, whether as joint tenants, tenants by the entirety or otherwise" and "that part of any property classified as marital pursuant to subdivision A 3." Code § 20-107.3(A)(2). Subdivision (A)(3) recognizes the concept of hybrid property, which is property that is part marital and part separate. See Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 140 (1997).

Husband claims that the trial court incorrectly classified and valued several items of property. We address below each piece of property at issue.[1]

### 1. Marital Home (Libby Cannon)

Husband complains that the trial court incorrectly valued the marital home and included it in the marital estate valuation for purposes of the monetary award. In the decree, the trial court stated, "the residence was marital property with a fair market value of $138,900." However, the court found that the conveyance of husband's share of the property to the sons, executed by the sons pursuant to the power of attorney, was void, as the power of attorney had been revoked prior to the conveyance. The court found, since wife's conveyance of her interest in the marital residence to the sons was still valid, that the marital residence is now owned one-half by husband

---

[1] Because the parties make no argument with regard to the South Fork Whittier Hollow land (10 acres); the Wise land (1.58 acres); the $40,000 from sale of marital property; the $25,000 husband received from the Country Living Estates bank account; and, the $45,000 balance in the Country Living Estates bank account, we decline to address the trial court's decision on them. Rule 5A:20.

and one-half by the sons. It stated it made "no order affecting the title to the property." Thus, clearly, the trial court did not consider the marital residence in the equitable distribution award.

### 2. Tract 4, Libby Cannon (30.04 acres)/Browning & St. John Mazzie Mays Farm (30.75 acres)

Husband inherited these pieces of property during the marriage. During the late 1980s or early 1990s, the parties decided to construct the Country Living Estates Mobile Home Park on the property. The parties obtained a permit and a construction loan for the park in the names of husband and wife. The trial court noted that the permit for the park has remained in both names and both parties contributed personal efforts in operating and maintaining the park.

The trial court found that the combined value of the two tracts of land was $90,700 at the time they were inherited by husband, but that the property now has a combined fair market value (FMV) of $502,500. The trial court subtracted the inheritance value from the FMV and determined that the increase in value is $411,800. The trial court classified that portion of the property as marital.

Husband claims that the property is separate. However, wife showed that she was involved in getting the permit to build the mobile home park and that she dealt with tenants and collected rents. The trial court found that her evidence was enough to show that she made significant personal efforts to increase the value of the property. We agree.

### 3. Tract 19, Wright Estate (11.1 acres)/Tract 20, M.W. Wright (10.037 acres)

Husband inherited both of these pieces of land. However, the property was sold to a Mr. Hutchinson in consideration of a promissory note made payable to both husband and wife. Hutchinson defaulted on the note and reconveyed the property to husband. The trial court found the value of the property to have a FMV of $42,300.

"When separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent the property is

retraceable by a preponderance of the evidence and was not a gift, the retitled property shall retain its original classification." Code § 20-107.3(A)(3)(f). See also von Raab v. von Raab, 26 Va. App. 239, 247-48, 494 S.E.2d 156, 160 (1997). "If the party claiming the separate interest in transmuted property proves retraceability, the burden shifts to the other party to prove that the transmutation of the separate property resulted from a gift." Id. at 248, 494 S.E.2d at 160 (internal quotation marks and citation omitted).

Husband claims that wife has not shown that the land was a gift and argues that he retraced it sufficiently. Wife testified that she and husband wanted this land to stay in the family. The evidence indicated that wife was listed on the promissory note when it was sold. The court concluded that because the note was payable to both husband and wife, the property was transmuted to marital property. Because there is evidence to support the trial court's finding, we will not reverse its finding on this asset.

### 4. Tract 5 Webb Heirs (17.42 acres)

The trial court classified this property as marital and valued it at $52,000. Husband acquired this piece of property before the date of the parties' last separation; hence it is presumed to be marital. Husband claims that because he purchased it separately with a loan, he has adequately retraced it and overcome the presumption. The evidence showed that husband obtained a loan to purchase the property; however, it was unclear where he obtained the funds to repay that loan. In fact, husband's own testimony on where he obtained the funds to repay the loan was equivocal. There was also other testimony that husband may have been stashing funds from the mobile home rents, which were marital funds. Code § 20-107.3(A)(2) states that the property is presumed marital in the absence of satisfactory evidence that it is separate. The party claiming that property acquired during the marriage is separate property bears the burden of rebutting the marital property presumption by credible evidence. Stainback v. Stainback, 11

- 6 -

Va. App. 13, 18, 396 S.E.2d 686, 689 (1990).  Because husband did not meet his burden to prove that the property was paid for with separate funds, we will not reverse the trial court's finding on this asset.

### 5.  Service Station Property, Route 11 (0.62 acre)

Husband inherited this property, consisting of 0.62 acre containing a service station.  At the time he inherited it, the land was valued at $10,200.  The court found the current FMV to be $37,300, an increase in value of $27,100.  The trial court classified the amount of that increased value as marital property.  "Separate property is . . . all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party . . . ."  Code § 20-107.3(A)(1)(ii).  "The increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions."  Code § 20-107.3(A)(1).  Husband inherited the service station property from his parents; thus, it is classified as separate property.  Wife claimed in her proposed final decree that the increased value was marital, but she made no argument that marital property or her personal efforts contributed to the increase.  Additionally, on appeal, wife did not respond to husband's argument on this issue.  Because there is no evidence or argument to support a marital classification for the increased value of the property, we reverse the trial court's finding and hold that the property is separate.

### 6.  Monetary Award

Husband argues that the trial court erred in its distribution of the marital estate.  In the final decree, husband was ordered to pay wife $300,000 as her share of the marital property.  Once the trial court has determined the value of the marital estate, the decision whether to make a monetary award and the amount of the award is governed by the rights and equities of the

parties and the factors as set forth in Code § 20-107.3(E).  Artis v. Artis, 4 Va. App. 132, 136,

354 S.E.2d 812, 814 (1987).  The award "will not be disturbed on appeal unless plainly wrong or

without evidence to support it."  Frye v. Spott, 4 Va. App. 530, 537, 359 S.E.2d 315, 319-20

(1987).  Because we reverse the trial court's decision on the service station property, we vacate

the monetary award and remand to the trial court for a redetermination consistent with this

opinion.

### B.  Spousal Support

In the final decree, the trial court ordered husband to pay wife $3,000 per month in

spousal support until husband began making payments on the monetary award to wife, at which

time the spousal support payment would be reduced to $2,000 per month.  Husband claims that

because wife did not request spousal support in her bill of complaint, the trial court erred in

granting it *sua sponte*.

In lieu of closing arguments in the matter, each party tendered its position on the issues in

the case in the form of a proposed final decree.  In husband's proposed final decree, he included

a provision for spousal support.  That provision read:  "ADJUDGED, ORDERED and

DECREED that the [husband] shall pay to the [wife] the sum of _____ as spousal support per

month beginning on the 5th day of February . . . ."  Because husband freely proposed paying

spousal support, we hold that he conceded this issue and the trial court did not abuse its

discretion in making an award.  "'No litigant . . . will be permitted to approbate and reprobate - -

to invite error . . . and then to take advantage of the situation created by his own wrong.'"  Manns

v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (quoting Fisher v.

Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)).  Husband, having proposed such

action to the trial court, should not now be allowed to assume an inconsistent position.  Id. at

679, 414 S.E.2d at 615 (citation omitted).  See also Asgari v. Asgari, 33 Va. App. 393, 403, 533

S.E.2d 643, 648 (2000) ("Husband will not be permitted to approbate and reprobate, ascribing error to an act by the trial court that comported with his representations."); Holden v. Holden, 35 Va. App. 315, 324, 544 S.E.2d 884, 888 (2001); Steinberg v. Steinberg, 21 Va. App. 42, 50, 461 S.E.2d 421, 424 (1995).

### C. Attorney's Fees

Finally, husband claims that the trial court erred by awarding wife $7,500 in attorney's fees. Whether to award attorney's fees "'is a matter submitted to the sound discretion of the trial court and reviewable on appeal only for an abuse of discretion.'" Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)); see also Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Given the unique equities of each case, our "appellate review steer[s] clear of inflexible rules and focus[es] instead on 'reasonableness under all the circumstances.'" Kane, 41 Va. App. at 375, 571 S.E.2d at 354 (quoting Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)).

This decision was well within the trial court's discretion. First, the evidence in this case showed that much of the blame lays on husband for the demise of the marriage. His behavior appears to have caused the need for this litigation after more than fifty years of marriage. Second, the outcome of this case has provided husband significant assets, and he has access to the continuing flow of rental receipts from the mobile home park. "Where the husband is in a clearly superior financial position and his [behavior] precipitated the dissolution of the marriage, the trial court may properly award attorney's fees to the wife." Theismann v. Theismann, 22 Va. App. 557, 574, 471 S.E.2d 809, 817 (1996) (citing Poliquin v. Poliquin, 12 Va. App. 676, 682, 406 S.E.2d 401, 405 (1991)). Under the circumstances of this case, we hold that the trial court's award of attorney's fees was not an abuse of discretion.

III.  CONCLUSION

On husband's questions regarding the marital home, the Libby Cannon/Browning farm, the St. John Mazzie Mays Farm, the Wright tracts, the Webb Heirs tract, spousal support and attorney's fees, we affirm the decision of the trial court.  Because we hold that the trial court erred in finding that the increased value of the service station property was marital, we reverse on that issue and remand for a redetermination of the equitable distribution monetary award. Because we remand on the one equitable distribution issue, we necessarily remand on the issue of spousal support pursuant to Code § 20-107.1(E)(8) as it may be affected by any change made in the equitable distribution award.[2]

Affirmed, in part,<br>
reversed, in part,<br>
and remanded.

---

[2] See Brinkley v. Brinkley, 5 Va. App. 132, 141-42, 361 S.E.2d 139, 143-44 (1987); Robinette v. Robinette, 4 Va. App. 123, 130-31, 354 S.E.2d 808, 812 (1987); McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985).