COURT OF APPEALS OF VIRGINIA


Present:   Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


KAREN DIANE DOADES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0747-05-4                  JUDGE ROSEMARIE ANNUNZIATA
                                                        NOVEMBER 1, 2005
CHARLES TIMOTHY DOADES


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                                 Lon E. Farris, Judge

          Mark Thomas Crossland for appellant.

          Cassandra M. Chin (Paul F. Nichols; Nichols Zauzig Sandler, P.C.,
          on brief), for appellee.


          Karen Diane Doades (wife) appeals the February 28, 2005 final decree awarding Charles

Timothy Doades (husband) a divorce *a vinculo matrimonii*.  On appeal, wife presents seven

questions.  She supports her issues with only six separately numbered arguments which do not

correspond to the numbered questions presented.  In sum, wife challenges the court's valuation of

the marital residence, division of the equity in the martial residence, denial of her request for

spousal support, consideration of her separate funds in its supports decisions, division of husband's

business debt, and denial of her attorney's fees request.

          Both parties seek an award of attorney's fees and costs associated with this appeal.[1]  For the

reasons that follow, we affirm the trial court's order, but remand the case to the trial court for an

award to husband of attorney's fees and costs incurred in conjunction with this appeal.

---

          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

          [1] Husband filed an objection to wife's designation of the contents of the appendix.  He
asserts her designation of the contents of the appendix was filed "more than fifteen days after the

BACKGROUND

We view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to husband as the party prevailing below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

So viewed, the evidence proved the parties married on November 4, 1978. Three children were born of the marriage; the oldest is over eighteen and fully emancipated. The parties separated on January 1, 2000, but both remained in the marital residence until husband moved out in March 2003. The parties' minor son resides with husband, and the parties' minor daughter resides with wife.

The parties stipulated that the martial residence, if repaired, would be worth $400,000. They also agreed that the house required $55,000 to alleviate a mold problem and to make other repairs needed to get the house into saleable condition. Husband and wife each presented

filing of the record" and that she "designated an exhibit that was not presented to the trial court on January 31, 2005."

In response to husband's earlier motion to dismiss wife's appeal for failure to timely file her designation, this Court ordered wife on June 17, 2005, to file her "designation of the contents of the appendix . . . within five days of the date of this order." The record reveals wife filed her designation on June 16, 2005. Thus, wife filed her designation within the extended time period granted her by this Court.

Husband appears to object to the inclusion of a series of undated color photographs of the marital residence on the grounds that it was not presented to the court at the January 31, 2005 hearing. He admits, however, that the "designated pictures" were "presented to the trial court at a *pendente lite* hearing on June 2, 2003." In pertinent part, Rule 5A:25(c) provides that "[a]n appendix shall include . . . incidents of the case germane to the questions presented . . . [and] exhibits necessary for an understanding of the case . . . ." The photographs were unquestionably part of the trial court record, are incidents of this case, and germane to the questions presented.

Accordingly, we deny husband's opposition to the designation of the contents of the appendix.

evidence regarding the current fair market value of the house. Wife, who sought to buy out husband's share of the marital residence, presented testimony of an appraiser who valued the residence at $235,000. Husband's expert valued the residence at $334,000. Each expert described his methodology for determining the loss in market value of the house if the necessary repairs were not made. While wife's expert concluded this "soft cost" was three times the amount of the needed repairs, husband's expert explained the discount is typically fifteen to twenty percent of the cost to cure. Nevertheless, due to the extent of the property's disrepair, together with the mold problem, husband's expert assigned a twenty-five percent adjustment to the cost to cure. The trial court, finding wife's expert's figure gave too little value to the residence, largely adopted husband's expert's valuation, slightly reducing it to $331,250.

During the marriage, husband worked in the home repair and remodeling business. He is a licensed contractor and owned his own business. Husband presented evidence demonstrating he earned $61,365 in 2003, and $53,038 in 2004. Husband also receives rental income from his son in the amount of $400 per month. Wife did not work outside the home while the parties' children were younger. She later began teaching part-time and currently works full-time as a high school teacher, earning $42,139 annually. The parties stipulated wife also receives $12,000 in annual investment income.

## ANALYSIS

### Valuation of Marital Residence

Wife challenges the court's valuation of the marital residence.

"The trial court has discretion to resolve conflicting expert testimony to determine an asset's value." Howell v. Howell, 31 Va. App. 332, 341, 523 S.E.2d 514, 519 (2000). It may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994). "The trial

court's decision will not be disturbed on appeal unless plainly wrong or without evidence to support it." Howell, 31 Va. App. at 341, 523 S.E.2d at 519.

The trial court specifically discredited wife's expert's valuation of the marital property, finding the reduction in value to the property assigned by the expert too extreme. Instead, the court accepted the testimony of husband's expert. The figure propounded by husband accounted for the agreed-upon expense to make the necessary repairs as well as the associated reduction in value due to the condition of the property. Although husband's expert did not physically inspect the property himself, his associate viewed the premises, reported to the expert and provided pictures and descriptions of the property. Husband's expert was familiar with houses in the area and had performed appraisals of numerous nearby properties.

Although a trial judge may not arbitrarily reject credible evidence of value, Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987), we have recognized in Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1989), that a trial judge may select a value within a range of conflicting opinions. The record establishes that the trial judge considered the testimony of the two experts and thoroughly evaluated those experts' opinions. "We defer to the trial [judge]'s evaluation of the credibility of the witnesses." Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002) (citing Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)). The trial judge was not prohibited from making adjustments to the expert's valuation in order to select a value within a range of conflicting opinions. See Zipf, 8 Va. App. at 395, 382 S.E.2d at 268. In view of the evidence before the trial judge, we cannot say the adjustments to the expert's valuation the trial judge made were arbitrary. Therefore, we hold that the trial judge's findings are supported by credible evidence and that the judge did not err by making adjustments to a valuation he found more persuasive.

<u>Division of Marital Residence</u>

Wife also challenges the court's division of the equity in the marital residence. She asserts the trial court "did not properly weigh the statutory factors . . . with regard to the marital property." Specifically, she contends husband was solely responsible for the dilapidated condition of the residence because he neglected to maintain and repair the property as he had agreed to do.

Code § 20-107.3(E) sets out a non-exclusive list of factors to be considered by a court fashioning an equitable distribution award. "We rely heavily on the trial judge's discretion in weighing the particular circumstances of each case. Only under exceptional circumstances will we interfere with the exercise of the trial judge's discretion." <u>Aster v. Gross</u>, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988).

Wife correctly notes that the statute requires the trial court to consider "[t]he contributions, monetary and non-monetary, of each party in the acquisition and care and maintenance" of the marital property. Code § 20-107.3(E)(2). Additionally, "[t]hose contributions which impact on the value of the marital estate have been of particular concern to this Court. A court need not find waste in order to consider negative contributions in fashioning an equitable distribution award." <u>Barker v. Barker</u>, 27 Va. App. 519, 537, 500 S.E.2d 240, 248-49 (1998) (internal citations omitted).

In this case, although husband acknowledged that he was "the person who was supposed to take care of the home repairs of the house," the condition of the residence, particularly the mold problem, was not solely attributable to him. In fact, husband testified he performed numerous repairs to the property during the marriage and that at the time he left the residence he was not aware of the mold in the house. The parties' oldest son confirmed that there was no evident mold in the house before husband left the residence. The parties stipulated that their

minor son would present similar testimony. After husband moved out of the marital residence in March 2003, wife refused to allow him into the house. Wife admitted that, after husband moved out of the house, she did not contact him regarding the mold.

The evidence demonstrated husband maintained and repaired the property during the course of the marriage, that the problems with the house were not solely caused by husband, that wife was the sole occupant of the house for the two years prior to the entry of the final decree, that the mold problem was not evident while husband resided at the house, and that wife failed to inform husband of the mold after he moved out. Thus, it cannot be said that there was no evidence to support the trial court's award.

"This Court has ruled that when the trial judge fixes a monetary award, he or she need not elaborate on the specific findings; however, the findings must be based upon credible evidence." Traylor v. Traylor, 19 Va. App. 761, 769, 454 S.E.2d 744, 746 (1995) (citing Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988)); see also Mir v. Mir, 39 Va. App. 119, 125, 571 S.E.2d 299, 302 (2002). The court specifically announced that it considered the statutory factors in its equitable distribution decision.

We recognize that "the trial court's job [in reviewing an equitable distribution award] is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990). The factual predicates for the trial court's decision are valid, and the court's exercise of discretion is sound. Therefore, we find no error in the trial court's equitable distribution award.

## Spousal Support

Wife asserts the trial court abused its discretion by failing to award her spousal support.

In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998). Accordingly, our review is limited to determining whether the trial court clearly abused its discretion. Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). That being said, the trial court's findings "must have some foundation based on the evidence presented." Id. Where that evidentiary foundation exists and the record discloses that the trial court "has given due consideration to each of [the statutory] factors," we will not disturb its determination as to spousal support on appeal. See Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983); see also Gamble, 14 Va. App. at 574, 421 S.E.2d at 644.

Wife asserts the trial court did not properly weigh the following statutory factors: the duration of the marriage, the contributions of each party to the well-being of the family, the earning capacity of the parties, and the decisions regarding employment made by the parties during the marriage. However, the record reveals the trial court carefully considered all the evidence and the applicable statutory factors. Although the parties were married for twenty years, the earning capacities of the parties are similar. Wife has a college education and is qualified to teach. In addition to the income from her teaching job, wife stipulated she receives $12,000 annually in investment income. The trial court's finding is supported by the evidence presented. We find no abuse of discretion in the court's denial of spousal support to wife.

## Wife's Separate Funds

Wife argues the trial court abused its discretion by considering her separate funds in its division of the marital assets and its support determinations. We find no merit in her contention.

Wife stipulated she receives $12,000 income annually from her separately owned investment. On appeal, she argues only that the trial court impermissibly considered capital gains in calculating her gross income. She provides no support for this assertion, and nothing in the record indicates the court considered anything other than the income realized from her separately owned investments. The court specifically instructed the parties to determine the amount of "realized income" produced by the investments. Wife stipulated to the amount of that income and cannot now argue that amount is capital gains rather than income.

"'No litigant . . . will be permitted to approbate and reprobate — to invite error . . . and then to take advantage of the situation created by his own wrong.'" Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (quoting Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988)). Wife, having agreed to the amount of income produced by her investments, should not now be allowed to assume an inconsistent position by asserting the amount is capital gains rather than realized income. Id. at 679, 414 S.E.2d at 615 (citation omitted). See also Holden v. Holden, 35 Va. App. 315, 324, 544 S.E.2d 884, 888 (2001); Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000) ("Husband will not be permitted to approbate and reprobate, ascribing error to an act by the trial court that comported with his representations."); Steinberg v. Steinberg, 21 Va. App. 42, 50, 461 S.E.2d 421, 424 (1995).

## Husband's Business Debt

Wife characterizes a portion of the parties' credit card debt as solely attributable to husband's business. She asserts the court incorrectly classified this debt as marital debt.

In her brief, wife supports this question presented with a general reference to an unpublished case from this Court. An unpublished opinion of this Court is not "to be cited or relied upon as precedent except for the purpose of establishing *res judicata*, estoppel or the law of the case." Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987) (*per curiam*) (*en banc*). Wife provides no other authority and no citations to the record to support her contentions.

"'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Budnick v. Budnick, 42 Va. App. 823, 833-34, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)); see Rule 5A:20 (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented").

Having presented no citations or authority in her brief in support of this contention, wife has waived this argument on appeal and we need not address it. See Rule 5A:20(e).

### Attorney's Fees

Similarly, wife supports her argument that the court improperly denied her attorney's fees request with only a two-sentence argument and no authority or citations to the record. Likewise, as noted above, wife has waived this argument on appeal and we will not address it. See Rule 5A:20(e).

### Appellate Attorney's Fees

Both parties request attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the wife's case presented numerous questions that were not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we remand to the trial court to determine an appropriate award of husband's attorney's fees and costs incurred in this appeal, including any attorney's

fees and costs incurred at the remand hearing, and any reasonable attorney's fees and costs of collection, if necessary.  We deny wife's request for attorney's fees and costs incurred on appeal.

<u>Affirmed and remanded.</u>