UNPUBLISHED

# COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, AtLee and Senior Judge Clements
Argued at Lexington, Virginia

VALERIE JILL RHUDY MINOR

MEMORANDUM OPINION[*] BY
v.      Record No. 0103-16-3          JUDGE ROBERT J. HUMPHREYS
                                      OCTOBER 11, 2016
TIMOTHY M. BARRETT

FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
William N. Alexander II, Judge Designate

Steven R. Minor (Elliott Lawson & Minor, on briefs), for appellant.

(Timothy M. Barrett, *pro se*, on brief).  Appellee submitting on brief.[1]

Valerie Minor ("mother") appeals the December 17, 2015 decision of the Circuit Court of

the City of Bristol (the "circuit court") finding that the Juvenile and Domestic Relations District

Court of the City of Bristol (the "JDR court") could not modify its own previous order because it

no longer had jurisdiction while a related case between the parties was on appeal to this Court.

Mother specifically argues that the circuit court erred in (i) finding the JDR court below could

not modify its order while the appeal of a related case was pending in this Court; (ii) finding that

the JDR court lacked subject matter jurisdiction to modify the order; and (iii) dismissing the case

rather than deciding the case *de novo*.  Timothy Barrett ("father") also assigned cross-error to the

circuit court's ruling that mother's husband, an attorney, could represent mother in this matter.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We treat appellee's failure to appear for oral argument as a waiver of his opportunity to orally argue his legal position.

Because the circuit court determined this case based on undisputed facts, this Court reviews the legal determinations of the circuit court *de novo*.  See Virginia Fuel Corp. v. Lambert Coal Co., 291 Va. 89, 97, 781 S.E.2d 162, 166 (2016).

As a preliminary matter, father contends that mother did not properly preserve her assignments of error when she cited to a letter she wrote to the circuit court on September 2, 2015.  The circuit court hearing was conducted on December 17, 2015.  Rule 5A:18 states that an objection must be "stated together with reasonable certainty at the time of the ruling" in order to preserve an issue for appeal.  However, our Supreme Court stated in Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting Code § 8.01-384(A)), that

> Code § 8.01-384(A) should . . . inform an interpretation of Rule 5A:18.
>
> Code § 8.01-384(A) provides as follows:
>
> "Formal exceptions to rulings or orders of the court shall be unnecessary; . . . it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefore; . . . . Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal."

The Supreme Court went on to say that "if a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." Id.

In this case, mother made her positions known to the circuit court initially through her September 2, 2015 letter, and continued her argument on those issues at the December 17, 2015 hearing.  The September 2, 2015 letter consisted of four pages of citations and arguments supporting why mother believed the JDR court did, in fact, have both subject matter jurisdiction

and the authority to exercise such jurisdiction to modify the order. As such, the letter essentially served as a "written pleading" to the Court. The circuit court was made aware of mother's position before the hearing, and mother continued to argue her position at the hearing itself. Mother did nothing to waive her arguments. Therefore, because the circuit court was aware of mother's arguments when it made its decision and mother did nothing to waive her arguments, mother properly preserved each of her assignments of error. We also note that father properly preserved his assignment of error by objecting on the record immediately after the circuit court allowed mother's husband to represent her.

## I. JDR Modification During Pendency of Related Appeal

Mother's first assignment of error states that the circuit court erred in finding that a JDR court cannot modify an order during the pendency of a related appeal. In order to analyze this issue, we must review the nature and facts of the related appeal. In this case, mother had previously filed four petitions to amend visitation with four of the parties' children, and father filed eight petitions to amend both custody and visitation with those same children. When the cases were decided against him in JDR court (the "2012 orders"), father appealed all twelve cases to the circuit court. However, once in circuit court, father moved to nonsuit the appeals on his own eight petitions, and moved to withdraw his appeals from mother's four petitions. Father then filed a new complaint in circuit court dealing only with his eight nonsuited cases (the "2013 complaint"). The circuit court dismissed the 2013 complaint, and father appealed to this Court.[2] While father's appeal was pending, mother moved to amend the dispositional order in one of the four withdrawn appeals of the related cases (the "06-06 order") in JDR court. The JDR court amended the 06-06 order, and father appealed that order to circuit court. The circuit court agreed

---

[2] See Barrett v. Minor, No. 0173-14-3, 2015 Va. App. LEXIS 165, at *10 (Va. Ct. App. May 12, 2015) [Barrett II].

with father and held that the JDR court could not amend the order while the appeal of the related case was pending in this Court. We disagree.

Virginia courts have consistently held that only one court can have jurisdiction over a case at a time. See Green v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982); Holden v. Holden, 35 Va. App. 315, 326-27, 544 S.E.2d 884, 889 (2001). "The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease." Greene, 223 Va. at 212, 288 S.E.2d at 448. "The appeal of a final order divests the trial court of authority to modify, amend or change that order until the appellate court has acted." Holden, 35 Va. App. at 326, 544 S.E.2d at 889. "When a party files a notice of appeal, that notice 'effectively transfers jurisdiction from the lower court to the appellate court and places the named parties within the jurisdiction of the appellate court.'" McCoy v. McCoy, 55 Va. App. 524, 528, 687 S.E.2d 82, 84 (2010) (quoting Watkins v. Fairfax County Dep't of Family Servs., 42 Va. App. 760, 771, 595 S.E.2d 19, 25 (2004)).

Code § 16.1-298(D) states that "[i]f an appeal to the circuit court is withdrawn in accordance with § 16.1-106.1, the judgment, order, or decree rendered by the juvenile court shall have the same legal effect as if no appeal had been noted." Based on Code § 16.1-298(D), it is clear that the four withdrawn appeals of the 2012 orders became final upon their withdrawal, and thus became binding on the parties. This is consistent with this Court's ruling in Barrett II, which upheld the dismissal of father's 2013 complaint because the withdrawn appeals barred father's filing of the nonsuited appeals in circuit court. See Barrett II, 2015 Va. App. LEXIS 165, at *10.[3] In other words, father's 2013 complaint was barred by the withdrawn appeals

---

[3] Nevertheless, it is also true that when appellant withdrew his appeals of appellee's cases, the 2012 orders became final and

- 4 -

because of their *res judicata* effect when their withdrawal made them final and binding.  The

06-06 order that was modified by the JDR court was one of the withdrawn 2012 orders, and

therefore was a separate order from those at issue in the 2013 complaint and on appeal in

Barrett II.  Further, the JDR court's revision of the 06-06 order during the pendency of the

Barrett II appeal would not have affected the outcome of the appeal because that appeal was only

dealing with the *res judicata* effect of the 06-06 order, not the underlying visitation issue.  As a

matter of law, the 06-06 order was a different order than any of those on appeal in Barrett II;

therefore, the JDR court still retained the authority to modify it and the circuit court erred in

holding otherwise.

## II.  Subject Matter Jurisdiction over 06-06 Order

Mother's second assignment of error alleges that the circuit court erred in finding that the

JDR court lacked subject matter jurisdiction to modify the 06-06 order.  "[T]he Supreme Court

has 'emphasiz[ed] the necessary distinction to be drawn . . . between the power of a court to

adjudicate a specified class of cases, commonly known as "subject matter jurisdiction," and the

authority of a court to exercise that power in a particular case.'"  Prizzia v. Prizzia, 58 Va. App.

137, 160, 707 S.E.2d 461, 472 (2011) (quoting Nelson v. Warden, 262 Va. 276, 281, 552 S.E.2d

73, 75 (2001)).

> "[S]ubject matter jurisdiction, perhaps best understood as
> the 'potential' jurisdiction of a court, is the authority granted to it
> by constitution or statute over a specified class of cases or
> controversies, and becomes 'active' jurisdiction, the power to
> adjudicate a particular case upon the merits, only when various
> elements are present."

were binding on the parties pursuant to Code § 16.1-298(D).
Accordingly, while the circuit court had jurisdiction to consider
appellant's refiled appeals, the parties' circumstances changed
during the pendency of the nonsuit.  Specifically, the [withdrawn]
2012 orders became final and binding on the parties, thereby
superseding the 2010 order that the refiled nonsuits were seeking
to modify.

Id. (quoting Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010)). The authority of a court to make a determination involves the "statutory prerequisites to the court's exercise of jurisdiction in a particular case" and "can be waived." Id. at 161, 707 S.E.2d at 473.

Here, the circuit court stated specifically that "the [JDR] Court lacked authority to act," and further stated multiple times on the record that it believed the JDR court did have subject matter jurisdiction. However, the circuit court granted father's motion to vacate for lack of subject matter jurisdiction, thereby implicitly finding that the JDR court lacked subject matter jurisdiction to modify the 06-06 order. The circuit court's finding that the JDR court lacked both subject matter jurisdiction and authority to exercise jurisdiction is plainly wrong. A court either has subject matter jurisdiction over a case, or it doesn't. Pursuant to Code § 16.1-241, "each juvenile and domestic relations district court shall have . . . original jurisdiction . . . over all cases, matters, and proceedings involving: (A) The custody, visitation, support, control or disposition of a child." Assuming the child at issue in the 06-06 order was within the territorial jurisdiction of the JDR court, the JDR court had original jurisdiction over the matter of that child's visitation. Thus, Code § 16.1-241(A) clearly granted the JDR court the jurisdiction over that "specified class of cases or controversies" as was at issue in the 06-06 order, an order involving visitation of the parties' child. Therefore, the JDR court did have subject matter jurisdiction over the 06-06 order, and the circuit court erred in that regard.

III. Failure to Conduct *De Novo* Review

Mother's third assignment of error alleges that the circuit court failed to conduct a *de novo* review of her case. "A party appealing to a circuit court has the right to a *de novo* trial on appeal from 'any final order or judgment of the JDR court affecting the rights or interests of any person coming within its jurisdiction.'" Alexander v. Flowers, 51 Va. App. 404, 413, 658 S.E.2d

355, 359 (2008) (quoting Code §§ 16.1-296, 16.1-136). "Once the trial *de novo* commences in the circuit court, the district court *judgment* is annulled, *and is not thereafter available for any purpose*." Id. at 414, 658 S.E.2d at 359 (quoting Turner v. Commonwealth, 49 Va. App. 381, 386, 641 S.E.2d 771, 773 (2007)). A trial *de novo* "grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court." Id. at 413, 658 S.E.2d at 359 (quoting Walker v. Dept. of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982)).

Although mother is the party who assigns error to the circuit court for a lack of *de novo* review, she was not the party entitled to such review. Rather, father was entitled to a *de novo* review of the case because he was the party who appealed the JDR court order to circuit court.

Nevertheless, the circuit court did not conduct a *de novo* review of the case. A review of the record of proceedings in the circuit court below indicates that the circuit court did not conduct a new hearing on the underlying issues, but rather reviewed the determination of the JDR court and rendered a decision based upon that review. The circuit court asked father to show where in the record father had preserved his objections to the JDR court ruling, and heard argument from both parties about whether the JDR court had the jurisdiction and authority to hear the case. By asking father to show him where he preserved his arguments, the circuit court was acting as a court of appeals and did not conduct a *de novo* trial, and therefore erred in that regard. See id. at 414, 658 S.E.2d at 359 (holding that a circuit "court's consideration of the transcript of the juvenile court hearing . . . denied mother her right to a *de novo* appeal to the circuit court and was clear error").

## IV. Mother's Counsel

Finally, father assigns error to the circuit court for allowing mother's husband, Mr. Minor, an attorney, to begin representing mother after the circuit court made its ruling. Rule

3:7(a) of the Rules of Professional Conduct states, "A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness."

A review of the proceedings in circuit court reveals that Mr. Minor did not begin representing mother in this case until after the circuit court had already made its decision to vacate the JDR court's judgment and dismiss the case. Upon allowing the representation, the circuit court specifically said, "there's not going to be any evidence today." Since Mr. Minor did not begin representing mother until after it was certain that he would not be called as a witness, there was no violation of any rules and the circuit court did not err in allowing Mr. Minor to begin representing mother at that time.

## V. Rule 5A:18

In this case, father contends that even if the circuit court was incorrect in its reasoning for vacating the JDR court's order and dismissing mother's motion to amend, the JDR court still made "numerous Constitutional errors" that were sufficient to support the holding.

As previously stated, a party must "make[] known to the [circuit] court the action which he desires the court to take or his objections to the action of the court *and his grounds therefor*." Brown, 279 Va. at 217, 688 S.E.2d at 189 (emphasis added); see also Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). Father did not present any of his constitutional error arguments to circuit court, aside from his argument for lack of subject matter jurisdiction. Although father claims he made the circuit court aware of the other alleged errors made by the JDR court, father failed to show this Court where he presented such errors to the circuit court. Moreover, father did not assign error to those points in this Court, and further only cites to the record of proceedings in JDR court without pointing out any

arguments or objections father made to circuit court regarding such errors.  Thus, this Court will

not consider any of father's additional arguments for upholding the circuit court's decision.

For the above reasons, we affirm the decision of the circuit court regarding the

assignment of cross-error with respect to counsel for mother and reverse the circuit court's

decisions to vacate the JDR court's order and dismiss mother's motion to amend, and remand the

case to the circuit court for a hearing *de novo*.

<u>Affirmed in part,</u>
<u>and reversed and remanded,</u>
<u>in part.</u>